Samuel S. LEE, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 02-74197.
Tax Ct. No. 2635-01 L.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Samuel S. Lee appeals pro se the tax court's judgment upholding the Commissioner's deficiency determination for the

---

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tax years 1991 and 1992. We have jurisdiction under 26 U.S.C. § 7482. After de novo review, *Condor Int'l, Inc. v. Commissioner,* 78 F.3d 1355, 1358 (9th Cir.1996), we affirm.

Lee contends that he is entitled to offset the assessed deficiencies for the 1991 and 1992 tax years with an alleged credit or refund from the 1990 tax year. The tax court properly determined, however, that Lee failed to demonstrate that any amounts had been paid toward the 1990 tax year during the three years prior to his filing a 1990 federal income tax return and refund claim in 1997. *See* 26 U.S.C. § 6511(b)(2)(A); 26 C.F.R. § 301.6511(b)– 1(b)(i); *see also Commissioner v. Lundy,* 516 U.S. 235, 241, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (holding that a taxpayer seeking a refund in tax court must "show that the tax to be refunded was paid during the applicable look-back period[ ]"). Thus, contrary to Lee's contention, the tax court properly determined that any credit or refund for the amounts withheld for the 1990 tax year did not offset the deficiencies for the 1991 and 1992 tax years.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Gardner's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.